### R. C. & A. V. HOLLAND v. JOHN W. PRESTON.

#### No. 936.

**1. Final Judgment—Amendment by Supplemental Bill.**

Where a vendor recovers a final judgment in an action upon the first one of a series of purchase money notes, foreclosing his lien upon the entire property, he cannot by a "supplemental bill" filed at a subsequent term of court have the judgment amended so as to reserve and fix the lien of the other notes on the surplus that might arise from the sale of the property after satisfying the judgment.

**2. Same—Direct Proceeding Necessary—Grounds for.**

A final judgment cannot be altered or amended at a subsequent term, except on a direct proceeding brought for that purpose, showing that the error sought to be corrected was the result of accident, material mistake, or the fraud of the opposite party.

**3. Final Judgment on Supplemental Bill.—Appeal.**

Where a supplemental bill is filed to amend and carry into effect a judgment entered at a prior term, the decree rendered on the hearing of such bill is, as to the right of appeal therefrom, a final judgment, and not an interlocutory decree.

APPEAL from Atascosa. Tried below before Hon. M. F. LOWE.

*Read & Martin,* for appellants.—1. A final judgment rendered for a party, in accordance with his pleadings and prayer for relief, in a court of competent jurisdiction, after the adjournment of the term of court at which the same was rendered, can only be altered or amended in a direct proceeding for that purpose, showing that the error sought to be corrected was the result of accident, mutual mistake of the parties, or fraud of the opposite party. Johnson v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 412; Brownsville v. Basse, 43 Texas, 440.

2. A final judgment by agreement, rendered in accordance with the pleadings and prayer for relief of the party recovering the same, after the adjournment of the term of court at which such judgment was rendered, can only be altered or amended in a direct proceeding for that purpose, making it clearly appear that the error or omission complained of was the result of some act of the opposite party, and not the result of inattention or negligence on the part of the party in whose favor such judgment had been rendered. Nichols v. Dibrell, 61 Texas, 539; Lessing v. Cunningham, 55 Texas, 231; Laird v. Thomas, 22 Texas, 280.

*C. L. Bates,* for appellee.—1. The interlocutory decree entered in this cause upon the supplemental bill, on October 16, 1895, was not an amendment, nor an alteration of the final decree entered in the cause on April 17, 1895; it does not in any manner, whatever, vary or alter the terms, nor the substantial provisions of said final decree; nor does it alter or vary, or change, or disturb the rights of the parties put in issue by the original pleadings and adjudicated by said final decree. Sayles Civ. Stats., art. 1339; Voightlander v. Broetze, 59 Texas, 286; Smith v. Miller, 66 Texas, 74; Story's Eq. Plead., secs. 338, 429, 430, 432.

2. Courts of equity have power and jurisdiction to entertain a supplemental bill after a final decree, to carry such decree fully into execution, and to give proper instructions upon matters omitted in the original bill; and the District Courts of Texas are authorized to grant any relief which could be granted by any court of equity. Sayles Civ. Stat., art. 1122, and note 4; Newson v. Chrisman, 9 Texas, 113; Huppman v. Schmidt, 65 Texas, 586; Story's Eq. Plead., secs. 338, 429, 430, 432.

NEILL, ASSOCIATE JUSTICE.—We adopt from brief of appellants their statement of the nature and result of the suit:

"Appellee, as plaintiff in the court below, brought suit against appellants in the District Court of Atascosa County on the 22d day of August, 1894, on their note for the sum of $650, due February 1, 1894, with 10 per cent interest from August 1, 1893, and 12 per cent attorney's fees. He alleges the execution and delivery by him to the said R. C. and A. V. Holland of a deed to lots Nos. 109, 110, 117, and 118 in the town of Pleasanton, in the said Atascosa County, and the execution and delivery by the said R. C. & A. V. Holland of the note sued on as a part of the consideration for the execution of said deed. That said note was secured by a vendor's lien on said town lots expressly reserved in said deed and in said note, and was further secured by a chattel mortgage executed to him by said defendants on 25 head of horses.

Defendant answered by general demurrer, general denial, plea of failure of consideration in the sum of $388.35, and also pleaded an offset amounting to $288.

At the April Term, 1895, of the court, an agreed judgment for plaintiff was rendered for the sum of $425 and all costs of suit, with a foreclosure of his vendor's lien on said town lots and his mortgage on the said 25 head of horses, and awarding all process necessary to carry the same into execution, which judgment also provided that it was conclusive of all matters involved in said suit, except as to an item of $90 pleaded as an offset by defendants.

On the 13th day of September, 1895, plaintiff filed in this case what he styles his 'supplemental bill,' alleging in substance: That on or about August 1, 1892, he sold to defendants the said lots Nos. 109, 110, 117 and 118, together with the hotel building and other improvements thereon, and also sold defendants certain household and kitchen furniture situated in said hotel for a consideration of $2000, of which $150

was paid in cash and the remainder secured by a lien on the whole of said property and upon 25 head of horses; and that on or about September 22, 1893, plaintiff executed and delivered to defendants a deed to said property, and that defendants, for the balance of the purchase money, executed to plaintiff their three notes, payable to the order of plaintiff as follows, to-wit: One for $650, due February 1, 1894; one for $600, due January 1, 1895, and one for $600, due January 1, 1896; all of said notes bearing interest at the rate of 10 per cent per annum from date, and stipulating for 12 per cent attorney's fees if placed in the hands of an attorney for collection, and that a lien was reserved on all of said property to secure the payment of said notes. That this suit was filed by plaintiff on the first of said notes on August 22, 1894, and that on January 11, 1895, plaintiff filed suit in said District Court on the second of said notes, which suit is styled J. W. Preston v. R. C. and A. V. Holland, No. 556, and is still pending and undisposed of; and that in this suit, on April 17, 1895, plaintiff recovered against defendants a judgment for $425 and costs of suit and establishing a lien on all of said property for the amount of said judgment; that said judgment had not been appealed from, was still unsatisfied and unexecuted; that in said suit No. 556, T. W. Hankinson was on the 31st day of August, 1895, appointed by the court receiver of said real and personal property sold by plaintiff to defendants, and on the 4th day of September, 1895, was, by the sheriff of Atascosa County, placed in possession of said property; that said judgment and said notes are still unpaid and are paramount liens on said real and personal property. Plaintiff further represented that in entering the judgment of April 17, 1895, there was an omission to reserve and fix any lien on the surplus that might arise from the sale of said property after satisfying said judgment, 'or to make any disposition of said surplus, and that he was advised that it was unsafe for him to have said decree executed until further directions from the court in regard to the disposition of the same should be obtained. He also alleged other matters not necessary to mention.

Defendants answered by general and special demurrers, general denial and pleaded specially that the judgment rendered in this cause on April 17, 1895, was a final judgment, by agreement, and by its terms was conclusive of all matters involved in this suit except as to an item of $90 pleaded as a setoff by defendants. That this suit had been pending since August 22, 1894, and that plaintiff had at no time during the pendency of this suit, prior to the filing of his supplemental bill, by anything appearing in the record in this case, asserted any other lien on the property mentioned in said supplemental bill than that foreclosed in said judgment, and that by his failure to assert such other and further lien, if any he had, by proper pleadings filed at the proper time, he had waived all such other and further liens and was estopped from asserting the same.

The case being called for trial, plaintiff abandoned that part of his

prayer for relief which sought a sale of the personal property in the hands of the receiver, in cause No. 556.

Defendant's demurrers were all overruled, and judgment was rendered for plaintiff as prayed for in his 'supplemental bill,' in reference to the sale of the real property therein mentioned, ordering a sale of real property by T. W. Hankinson, receiver, and that after paying off the said judgment of April 17, 1895, he hold the surplus arising from such sale subject to the further order of the court, charged with such lien as plaintiff may have on same. Defendants moved for a new trial, which being overruled by the court, they excepted, gave notice of appeal, and, as appellants, have brought the case before this court."

*Opinion.*—Neither the pleadings in the District Court prescribed by statute, the rules of procedure established by the Supreme Court under authority of the Constitution, nor the decisions of the Appellate Courts of this State authorize or recognize as a pleading such a paper as is denominated in this case a "supplemental bill." In our opinion all the proceedings had in this case on that paper were foreign to the judicial procedure of this State, and wholly unauthorized by the law. This conclusion is not predicated upon the name of the paper, for if such a pleading and the relief sought by it were authorized, they would not be vitiated by a misnomer of the pleading. There can be no question about the judgment rendered in this case on April 17, 1895, being final. It was rendered in accordance with the pleadings and prayer for relief, in a court of competent jurisdiction, and disposed of every issue in the case. That such a judgment can be altered or amended only in a direct proceeding brought for that purpose, showing that the error sought to be corrected was the result of accident, material mistake of the parties, or fraud of the opposite party, is well settled. Brownsville v. Basse, 43 Texas, 440; Johnson v. Templeton, 60 Texas, 238; Nevins v. McKie, 61 Texas, 412.

There is no pretense that this proceeding by "supplemental bill" was direct, nor that there was even an error in the judgment sought to be amended. If, in the original petition, the appellee had averred the existence of the notes not due, and that they were liens on the land, upon proof of such allegations, the court could have so molded its decree as to have protected the lien on the property reserved in these notes. Tinsley v. Boykin, 46 Texas, 597. But in the absence of such allegations in some pleading of appellee prior to the time the judgment became final, we know of no principle in our procedure authorizing the court, at a subsequent time, upon a supplemental bill, to open up the case and grant such relief. In what we have said we do not mean to intimate that the appellee, by proper pleadings and proof in the suits pending on the other two notes, cannot obtain adequate relief in the nature of that sought by his supplemental bill, nor do we make any ruling upon that question.

It is urged by the appellee that the judgment appealed from is inter-

locutory, and that no appeal lies from it. Whatever it may be, it is the last judgment entry made in the case, and, while we might not have conceived of its being made in the manner it was, we can imagine nothing further that can be done in the case in the nature of a judgment. If it can have any standing at all, it must be regarded as long as it stands a part of the judgment in a case which is final and subject to revision on appeal. That it is error, is too clear for controversy, and if this error cannot be corrected on appeal, an error founded on a supplemental bill can laugh justice to scorn.

The general demurrer and exceptions to the bill should have been sustained. Therefore, the part of the judgment rendered upon the supplemental bill is reversed and vacated and said bill dismissed.

*Reversed and dismissed.*

Delivered February 26, 1896.

ON MOTION FOR CONCLUSIONS OF FACTS AND FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—Our consideration of this case was confined to the ruling of the court upon defendants' (appellants') exceptions to plaintiff's (appellee's) supplemental bill, and in such consideration the allegations therein were assumed by us to be true, and, acting upon such assumption, we held that it showed no ground in this case for the relief asked, and that the court erred in overruling the exceptions and refusing to dismiss the bill. This rendered a consideration of the evidence upon the trial unnecessary, and consequently no conclusions of fact were made nor required; and, if we have not totally misconceived the law, the conclusions asked in the motion are foreign to a proper consideration of this appeal.

Our judgment in this case was not based upon a lack of jurisdiction of the District Court over the matters involved in appellee's bill, nor was it made without mature consideration of them in the light of such knowledge of the principles of law and equity as is possessed by the members of this court. After giving the matters contained in the bill such consideration, we reached the conclusions expressed in the opinion; and after giving the same consideration to the motion before us, as well as to the argument thereon of learned counsel, our conclusions remain the same.

The principle, that if there are simultaneous liens on the same land, the surplus remaining after satisfaction of a decree of foreclosure on one of them is applicable to the payment of the other, is uncontroverted, and that it may be invoked in the proper proceeding by one who has the right to such application is undisputed. Nor does the omission, in a judgment foreclosing such lien, to direct what disposition shall be made of the surplus prejudice such right, or prevent him, upon proper proceedings, from obtaining such application of the surplus. The proceedings by which it is sought to be done in this case alone are ques-

tioned. The judgment rendered in this case on April 17, 1895, was in accordance with the pleadings and prayer for relief, was by a court of competent jurisdiction, and disposed of every issue in the case. It was final. It could be altered or amended only in a direct proceeding brought for that purpose. But it is contended by counsel for appellees that it was neither altered nor amended by the proceedings on his bill.

In the supplemental bill it is alleged, "That in entering the judgment of April 17, 1895, there was an omission to reserve and fix any lien on the surplus after satisfying said judgment, or to make any disposition of such surplus." It is this omission that is sought to be supplied by an order directing the receiver, who is not a party to the bill, but appointed in another case, to sell the property, and out of the proceeds first pay the judgment, and to hold the surplus subject to appellee's vendor's lien for the security and payment of the two other notes for $600 each, and by ordering such surplus applied to the payment of the other two notes. The order prayed for was granted. It adjudges a lien on the property upon which the lien was originally foreclosed for an additional amount of over twelve hundred dollars; it, in effect, sets aside its provisions for the ordinary process for sale and orders it sold by Mr. Hankinson, a receiver in another case, who is not a party to this suit, and directs him, after satisfying the judgment from the proceeds, to hold the surplus subject to the satisfaction of the newly adjudged liens. If this does not amend or alter the judgment, we are unable to characterize its effect. Even in the Federal courts where a "supplemental bill" is "not a misnomer," it is an established principle that the power does not exist in them, after the lapse of the term at which a judgment or decree is entered, to so change or modify it as to substantially vary or affect it in any material thing. Bronson v. Schulten, 104 U. S., 410; Doe v. Waterloo Min. Co., 60 Fed. Rep., 643.

With due respect to the learning and ability of appellee's counsel, the motions are overruled.

*Overruled.*

Delivered March 25, 1896.

Writ of error refused.