### J. J. SEGAL v. J. A. ARMISTEAD.

Decided March 30, 1901.

**Judgment—Reformation in Vacation.**

Article 1357 of the Revised Statutes, authorizing reformation of a judgment in vacation, applies only to cases of mistake, miscalculation, or misrecital, such as are there enumerated, amendable by the record, but does not authorize reformation on the ground that a previous amendment increasing the judgment against defendant has been made during the term; after his motion for new trial had been overruled, and without notice to him.

Error from Marion.   Tried below before Hon. J. M. Talbot.

*Geo. T. Todd* and *T. D. Dowell,* for plaintiff in error.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title and for rents, brought by defendant in error against J. J. Segal, plaintiff in error, and one William Minter.   Defendant in error recovered judgment for the land and for rents.   A motion for new trial was made and overruled and notice of appeal was given, but no appeal was perfected.   Judgment was rendered June 22, 1900, and court adjourned on June 26th, following.   On June 30th, following, and in vacation, defendant [plaintiff?] in error filed a motion to reform the judgment, alleging in substance that after the motion for new trial was overruled, before the adjournment of the term and without notice to plaintiff in error, the court changed its judgment as originally made, and entered judgment against plaintiff in error for a larger amount than originally given.   The court in vacation heard the motion to reform on August 30, 1900, and overruled same, and J. J. Segal sued out a writ of error and prosecutes same to this court.

There appears in the record a statement of facts signed by the judge, which was filed August 6, 1900.   At a former day of this term motion was made to strike out said statement of facts because not filed in time, and action was postponed on same until the cause was regularly submitted.

The motion to reform the judgment was not one that could be entertained by the court in vacation.   The statute only authorizes the amendment of a judgment in vacation where there is a mistake or misrecital of any sum or sums of money, or of any name or names, and where there shall be among the records of the cause any verdict or instrument

of writing whereby said judgment may be safely amended. This case does not come within the terms of the statute. The judge in vacation has no right to amend a judgment, except as authorized by the statute. Ford v. Liner, 59 S. W. Rep., 943; Hardware Co. v. Stove Co., 88 Texas, 468.

The statement of facts not having been filed in time, the motion to strike out will be sustained and said statement not considered by this court. There being no statement of facts that we can consider, and the record otherwise failing to show error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.