UNITED STATES & MEXICAN TRUST COMPANY v. TEXAS SOUTHERN RAILWAY COMPANY.

Decided April 13, 1907.

**Receiver—Interlocutory Order—Appeal.**

An appeal does not lie from an interlocutory order in a receivership proceeding suspending the enforcement of a judgment foreclosing a mortgage lien on property in the hands of the receiver.

Appeal from the District Court of Harrison County. Tried below before Hon. Richard B. Levy.

*Cook & Gossett, T. S. Miller* and *A. H. McKnight,* for appellant.— An order of a District Court arbitrarily postponing a sale adjudged and decreed to be made in the foreclosure of a mortgage either definitely or indefinitely postponing such a sale, is a final order or judgment, and therefore appealable. Sayles' Texas Civil Statutes, 1897, arts. 1339, 1383, 1420, 1404, 2324, 2343; Scott v. Allen, 1 Texas, 508; Bryan v. Bridge, 6 Texas, 137; Laclede National Bank v. Betterton, 5 Texas Civ. App., 355; Vernor v. Montgomery (Texas Civ. App.),

33 S. W. Rep., 606; Pierson v. Hammond, 22 Texas, 585; Meader Co. v. Aringdale, 58 Texas, 447; Petrucio v. Seardon, 76 Texas, 639; Smith v. Miller, 66 Texas, 74; Jones v. McMahan, 30 Texas, 720; Smithwick v. Kelly, 79 Texas, 564; Lockridge v. Baldwin, 20 Texas, 307; Smith v. Miller, 66 Texas, 74; Hoehne v. Trugillo, 91 Am. Dec., 703; 2 Cyc., 602.

A District Court has no right to interfere with a judgment or decree that has been affirmed by the appellate court. Its sole duty is to carry out and execute such judgment or decree. Sayles' Civ. Statutes, 1897; arts. 1024, 1028, 1029, 1036, 1420; Burck v. Burroughs, 64 Texas, 445; Freeman on Executions (Ed'n. 1883), sec. 32; Western Supply & Mfg. Co. v. U. S. & M. T. Co., 92 S. W. Rep., 986; Pierson v. Hammond, 22 Texas, 585.

*T. W. Davidson,* for appellee.—A receiver in charge of mortgaged property holds the same in the custody of the court and subject to its orders, and the court may in its discretion for the purpose of administering the property, defer for a reasonable time, to be thereafter fixed, the sale of such property. Sayles' Civ. Stats., 1470, 1490, 1491, 1493; Hammond v. Tarver, 11 Texas Civ. App., 50.

RAINEY, CHIEF JUSTICE.—This is an appeal from an interlocutory order in a receivership proceeding suspending the enforcement of a judgment foreclosing a mortgage lien. The court has the right to suspend the enforcement of a lien in such a receivership proceeding, when under the rules of law and equity it is best for all parties interested in such proceeding. In this case we do not think an appeal will lie, at least until a final judgment winding up the receivership. This is a companion case to the case of appellant v. Young, this day decided by this Court, where an appeal was taken from a judgment refusing a writ of mandamus to compel the commissioner to execute an order of sale to said property under a judgment foreclosing a lien, but suspended by said court. Said case is here referred to for the facts and our views of the law.

The case is stricken from the docket as the order is interlocutory and not reviewable by this Court until the case is finally disposed of by the court below.

*Dismissed.*

Application for writ of error dismissed for want of jurisdiction.