AMERICAN NAT. INS. CO. et al. v. VALLEY RESERVOIR & CANAL CO. et al. (No. 6099.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 5, 1919. Rehearing Denied Feb. 26, 1919.)

1. APPEAL AND ERROR ⊜387(3) — APPEAL FROM ORDER — TIME FOR PERFECTING APPEAL.

No appeal was perfected as to an order of sale made by the court on December 14th, at which time exception was taken and notice of appeal given, where the appeal bond was not filed until January 23d.

2. APPEAL AND ERROR ⊜131 — ORDERS IN VACATION—APPEALABILITY.

Where the district court, in term time, entered an order postponing the hearing on a motion to substitute receivers to a day certain beyond the term in another county, a provision in the order that the hearing should be had and considered as in term time did not operate to make the decision of the motion a judgment of the court from which an appeal would lie; Vernon's Sayles' Ann. Civ. St. 1914, arts. 1714, 1726, not being applicable.

3. APPEAL AND ERROR ⊜131—DECISIONS REVIEWABLE—APPEALABLE ORDERS.

An order made by a district court in vacation, removing receivers and appointing their successors, is not appealable in the absence of statutory provision, Vernon's Sayles' Ann. Civ. St. 1914, art. 2079, providing for appeal from an order appointing a receiver, not applying.

4. APPEAL AND ERROR ⊜112 — DECISIONS REVIEWABLE—VOID ORDERS IN VACATION.

The fact that an order in vacation is void has no bearing upon whether or not it is appealable.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by the American National Insurance Company and another against the Valley Reservoir & Canal Company and others. Motion by J. R. Alamia and others, defendants, to substitute receivers. Granted, and plaintiffs appeal. Defendants' motion to dismiss appeal granted.

Denman, Franklin & McGown, of San Antonio, and Williams & Neethe, of Galveston, for appellants.

Dougherty & Dougherty, of Beeville, E. P. Scott, of Corpus Christi, James B. Wells, of Brownsville, Samuel Spears, of San Benito, and G. R. Scott and Boone & Pople, all of Corpus Christi, for appellees.

MOURSUND, J. The American National Insurance Company and the San Antonio Loan & Trust Company instituted suit against the Valley Reservoir & Canal Company, the La Lomita Irrigation & Construction Company, the Edinburg Townsite Company, and John Closner and W. F. Sprague, individually and as members of the partnership doing business under the firm name of Closner & Sprague, and by amended petition included many persons as defendants who were alleged to be owners or claimants of debts against the original defendants or some of them. A number of persons who held claims intervened. The prayer in the original petition for the appointment of receiver was granted, and Frank Webb and E. C. Northern of Galveston county were appointed receivers.

On June 26, 1917, a decree of foreclosure was entered in said cause, disposing of all rights of all parties to the litigation, and provided for the sale of the properties on which a foreclosure was granted; such sale to be made by a master, who was to ascertain certain priorities of receivership certificates and report his action for confirmation of the court. After an order of sale had been issued as provided for in such decree, certain unsecured creditors, on November 3, 1917, filed a motion for an order setting aside portions of the decree. Appellees state that this was joined in by the defendants in the main suit, by separate pleading, but call attention to the fact that such pleading is not contained in the transcript. Plaintiffs filed an answer to such motion. Upon a hearing in chambers on November 5, 1917, the district judge made an order granting a postponement of the sale, and on December 14, 1917, entered an order reciting that evidence had been heard on said motion, and decreeing that so much of the decree of June 26, 1917, as directed the issuance of an order of sale be set aside, and that the provision for sales as under execution be also set aside, and that the assets be sold by the receiver at private sale and in parcels for cash or part cash and part credit, such sales to be confirmed by the court, but that no sale

shall be made until the court shall have acted on the motion to substitute receiver.

On December 14, 1917, a motion was filed by J. R. Alamia and others to substitute receivers, and, an answer being filed thereto by plaintiffs, the court on said date entered an order continuing said motion and directing that said motion and other motions would be heard on January 3, 1918, in chambers, at Corpus Christi. On January 3, 1918, such hearing was had, evidence was heard on the motion to substitute receivers, and the same was granted, the former receivers removed, and directed to deliver all property belonging to any of the defendants to E. F. Rawson and A. A. Hughes who were appointed to succeed such receivers.

The order provides:

"Said receivers shall have the power, under the control of the court: (a) To bring and defend actions in their own name; (b) to take immediate charge and possession of all of the property of each and all of the defendants of every character whatsoever, real, personal and mixed, including choses in action of all kinds, especially notes and other evidences of indebtedness held as collateral security by creditors of said defendants or any of them; (c) to receive rents, collect, compound for and compromise demands; (d) to sell in separate tracts or parcels from time to time any of said property at private sale for cash, or part cash and part credit, as to them may seem best, whether real or personal property, subject to the confirmation of the court or the judge thereof, which confirmation may be had in vacation or term time on such notice as the court or judge may prescribe, and to convey, transfer and deliver the same to the purchaser or purchasers thereof, free from, or subject to, the liens of plaintiffs, defendants and intervenors herein, as to the receivers may seem best, and receive the proceeds arising from such sales; (e) to release vendor's liens; (f) to take immediate possession of, keep, maintain and operate all irrigation plants and properties of the defendants, whether belonging to one or more of them, under the direction of the court or the judge thereof; (g) to demand and receive from the receivers heretofore appointed and acting in this cause, and all other persons holding property of any character belonging to the defendants, or any of them, especially notes or other evidences of indebtedness, in the possession of said receivers heretofore appointed, or any other person or persons, as collateral security for any indebtedness of said defendants, or any of them, and to receipt for the same and to hold the same, or money collected thereon, or proceeds arising from the sale thereof, subject to such claims, liens and demands as may be determined by the court to exist against the same; (h) generally to do only such acts respecting said property as the court or judge thereof may from time to time authorize."

The orders of December 14, 1917, and January 3, 1918, were excepted to by plaintiffs at the time they were rendered, and notice of appeal given, and on January 23, 1918, appeal bond was filed.

Appellees have filed a motion to dismiss the appeal, contending that the appeal bond was filed too late to perfect an appeal from the order of December 14, 1917, and that the order of January 3, 1918, is not appealable.

[1] As the appeal bond was not filed until January 23, 1918, it is obvious that no appeal was perfected as to the order of December 14, 1917.

[2] The order of January 3, 1918, recites that it was entered in chambers, at Corpus Christi and purports to be an order by the judge. The order continuing the motion to substitute receivers and other motions set the same for a hearing "in chambers, at Corpus Christi, Nueces county, Texas," and the court stipulated in said order that—

"The hearing hereon, being after the termination of the present term of court, shall be had and considered as if in term time, and all rights and defenses which might be urged in term time, and all orders which might then be entered, shall be of the same force and effect as if presented, adjudicated and entered in term time."

Of course, the trial court could not by its order make a hearing in chambers equivalent to a judgment of a court. It is not contended by appellants that the court was extended under the provisions of article 1726 (Vernon's Statutes), nor that the order was made by the district court of Cameron county as the result of an agreed trial in vacation under the provisions of article 1714 (Vernon's Stat.), nor can it be held that the order was entered by the court under either of said statutes, for the district court of Cameron county cannot be legally held in Nueces county, and the order, if by the court, would be a nullity. Hodges v. Ward, 1 Tex. 244; Hdw. Co. v. Mfg. Co., 88 Tex. 468, 27 S. W. 100; Hunton v. Nichols, 55 Tex. 224. The order cannot be construed to be other than such as it purports to be, namely, one entered by the judge in vacation.

[3, 4] The Courts of Civil Appeals have no jurisdiction to entertain appeals from orders made by the judge in vacation unless it is expressly conferred by statute. The rule is clearly stated in the case of Pittman v. Byars, 100 Tex. 518, 101 S. W. 789, as follows:

"Though a judge of the district court may decide certain matters in vacation, and render judgment therein, yet such judgment, whether interlocutory or final, is not the judgment of the court over which he presides, but is merely his judgment as a district judge sitting in vacation. In such a case, unless a right of appeal be given by positive law, none exists."

See, also, U. S. & Mex. Trust Co. v. Ry. Co., 46 Tex. Civ. App. 117, 101 S. W. 1048; Natl. Surety Co. v. Castle Const. Co., 170 S. W. 800.

In the case of Thorne v. Moore, 101 Tex. 205, 105 S. W. 985, it is held that a district judge has the right to grant a mandamus in vacation, but that no appeal is conferred by statute from such an order. Appellants rely

upon the case of Holland v. Preston, 12 Tex. Civ. App. 585, 34 S. W. 975, in which this court called attention to the fact that, if no appeal could be taken from the order therein considered, the party would be without a remedy, and set aside the order on the ground that it was void. It must be remembered, however, that the order therein considered was entered in term time, and constituted a final judgment of a court. In the case of Williams v. Steele, 101 Tex. 386, 108 S. W. 157, cited by appellants, the appellate jurisdiction of the district court over the orders complained of was sustained on the ground that the statute authorized revision of the "proceedings of the County Court" in probate matters, and such language was broad enough to include orders in vacation. The fact that an order entered in vacation is void does not affect the question whether it is appealable. Barker v. Wilson, 189 S. W. 748.

The power to appoint receivers is given to judges by article 2128 (Vernon's Statutes), and it has been held that this authorizes an appointment in vacation. Hdw. Co. v. Mfg. Co., 88 Tex. 468, 27 S. W. 100; New Birmingham Iron Co. v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 828. That is the only article in our receivership statutes which confers power upon a judge, unless other articles wherein the word "court" is used can be construed to mean judge, or to include a grant to exercise powers in vacation. See articles 2133 and 2155. We have a statute which provides that a judgment may be amended in certain respects and under certain conditions in vacation. Article 2016 (Vernon's Stat.). It has been held that a court has no power to amend or modify a judgment in vacation in any other respect than that mentioned in such statute. Segal v. Armistead, 25 Tex. Civ. App. 562, 62 S. W. 1073; Accousi v. Stowers, 83 S. W. 1104. There is no statute which permits appeals from orders of sale entered in a receivership in vacation or from an order in vacation amending or modifying a judgment. The only statute which can be urged is article 2079 (Vernon's Statutes), which provides for an appeal from an interlocutory order of the district court appointing a receiver or trustee in any cause. It must be admitted that, if this article should be construed as strictly as some others, the right of appeal would be held to have been granted only from an order entered in term time, as it refers to the district court and not the judge. However, it has been treated as applying to all orders appointing receivers in causes in the district court whether made in term time or vacation. The question arises whether an order removing receivers and appointing substitutes is an order appointing receivers within the meaning of such statute. This question was passed on in the case of McFarlane v. Greenameyer, 199 S. W. 304, and it was held that the statute did not grant the right of appeal from an order removing a receiver and appointing another. We concur in the opinion therein filed, and conclude that the appeal must also be dismissed as to the order of January 3, 1918.

The motion to dismiss appeal is granted.