FORD RENT CO., Inc., et al. v. HUGHES, District Judge, et al.

No. 12219.

Court of Civil Appeals of Texas. Dallas.
Jan. 18, 1936.

Rehearing Denied Feb. 8, 1936.

See, also, 88 S.W.(2d) 85.

Renfro, McCombs & Kilgore, Wm. Andress, Jr., and Searcy L. Johnson, all of Dallas, for relators.

Walter B. Branan of Dallas, for respondents.

LOONEY, Justice.

E. H. Roberts sued Ford Rent Company, Inc., et al., to recover damages for injuries to his wife, and to personal property sustained in an automobile collision alleged to have been occasioned by the negligence of defendants. The defendants answered that the wife of plaintiff (driver of one of the colliding automobiles) in several respects was guilty of negligence, proximately causing or contributing to the collision; also that the collision was due to an unavoidable accident. The case was tried to a jury in the Fourteenth judicial district court, Dallas county, presided over by Hon. Sarah T. Hughes, judge. In answer to the special issues, the jury found that defendants were guilty of negligence on several counts; also found that plaintiff's wife was guilty of negligence in several respects proximately causing or contributing to the collision and resultant injuries and damages, and in addition found that "the collision was an unavoidable accident."

Plaintiffs moved for a mistrial, on the ground that the findings of the jury on decisive issues were conflicting and irreconcilable; defendants moved for judgment on the findings, contending that, notwithstanding the conflict, judgment should be rendered in their favor. The court overruled the motion of defendants for judgment, but sustained the motion of plaintiffs, and declared a mistrial.

This is an original application by defendants for a writ of mandamus commanding Hon. Sarah T. Hughes, district judge, to enter judgment in their favor on the findings of the jury.

Not every inconsistency or conflict in jury findings will prevent the rendition of judgment; if, notwithstanding the inconsistency or conflict, there is left a finding free from conflict on a controlling issue, a final judgment should be rendered. But, as stated by Judge Speere, in his Law of Special Issues, pp. 560, 561, § 431: "The conflict in findings that destroys the verdict is that irreconcilable difference of finding with respect to an indispensable fact in issue in the case where both findings can not be true, but one or the other must of necessity be false. In construing a verdict, every finding is of equal importance in the consideration, and when rightly interpreted, it cannot be varied by the correct interpretation of another finding of equal dignity. There is no rule of priority, indeed there is no priority, in the degree of importance to be attached to any particular finding. So, that where two findings with respect to a definite fact material to the judgment, are such that both cannot be true and therefore cannot stand at the same time, there is a fatal conflict."

Tested by the doctrine announced by Judge Speer, we think the findings of the jury in the instant case are irreconcilable, and in effect find nothing. It cannot be true that the collision was an unavoidable accident and at the same time was the re-

sult of negligence on the part of defendants and/or contributing negligence on the part of Mrs. Roberts. The unavoidable accident finding, in effect, said that the collision was not due to the negligence of any one; hence we cannot say that this finding is in conflict with and fatal to one group of findings, and not fatal to the other, as each finding is of equal dignity.

The case of Perez v. Houston, etc., Co. (Tex.Civ.App.) 5 S.W.(2d) 782, relied upon by relators, in our opinion, is not in point, in that in that case the jury made no finding upon which judgment could have been rendered for plaintiff, and each of the conflicting findings defeated recovery. However, the case of Mayo v. Fort Worth, etc., Co. (Tex.Civ.App.) 234 S.W. 937, is in point, and sustains our conclusions.

For reasons stated, the application for mandamus is denied. ·