RAILROAD COMMISSION et al. v. STEPHENS.

No. 9001.

Court of Civil Appeals of Texas. Austin.

Jan. 29, 1941.

Rehearing Denied Feb. 19, 1941.

Gerald C. Mann, Atty. Gen., and Tom D. Rowell, Asst. Atty. Gen., for appellant.

James S. Grisham, of Tyler, and Harry S. Pollard, of Austin, for appellee.

BAUGH, Justice.

This case arose as follows: On October 21, 1938, the District Court of Travis County entered a judgment in two consolidated suits, involving the legality of certain oil and oil products, sought to be confiscated by the State, located in earthen pits A B C and D in the city of Gladewater in Gregg County, Texas. The trial court found that the oil in pits C and D was illegal oil, and that the oil in pits A and B was legal oil and the property of John M. Stephens, receiver. The court thereupon ordered confiscated and sold, as provided by law, all of the oil in pits C and D; adjudged all of the oil then in pits A and B to be lawful oil, and directed the Railroad Commission to issue tenders to the receiver for the sale thereof upon his compliance with the applicable rules and regulations of the Commission. The quantity of oil in pits A and B was, in said judgment, found to be approximately 57,050 barrels. This judgment was not appealed from. Pursuant to it the Railroad Commission, prior to October, 1939, issued tenders for the sale and removal

from pits A and B of 57,050 barrels of oil. · In October, 1939, there still remained in these pits a quantity of oil, estimated at approximately 26,750 barrels, for which the Railroad Commission refused to issue tenders, contending that all the oil in these pits on October 21, 1938, and covered by the judgment of that date, had already been removed, and consequently that the remaining oil here involved was not lawful oil.

Thereupon the receiver filed a motion in the original consolidated suit to require the Commission to show cause for its refusal to issue such tenders, alleging that the oil here involved was included in the original judgment of October 21, 1938; and that the refusal by the Commission to issue such tenders was in violation of that judgment. The motion was duly controverted on the facts alleged, a full hearing had thereon, and the trial court ordered the Commission to issue such tenders, from which order this appeal is prosecuted.

In response to request duly made, the trial court filed findings of fact and conclusions of law. The appellant here contends that some of these fact findings are wholly without competent evidence to support them; and further that some of such findings are in such irreconcilable conflict with others that no judgment could be based thereon.

Appellee has filed a motion to dismiss the appeal, and urges same also in his brief, on the ground that the order appealed from is not a final appealable judgment; but is merely the execution of the former judgment wherein the matters attempted to be reviewed on this appeal have already been adjudicated.

■ It is true that appellee instituted this proceeding by motion filed in the original suit, on the ground that the subject matter had already been adjudicated; and the trial court found that said oil here in controversy was the same oil that was in pits A and B when the former judgment was rendered. But the State, in answer to appellee's show cause motion, pleaded that said oil had been run into these pits without legal authority to do so, since the final judgment of October 21, 1938, was rendered; and that it therefore was unlawful oil. If that were true, then the State could have brought an independent suit to condemn said oil, and the same issues could have been there tried as are here presented. And, if appellee's

motion to show cause be treated as "a supplemental bill seeking to carry into effect a final judgment theretofore entered," an appeal from a judgment disposing of such plea would lie. Holland v. Preston, 12 Tex.Civ.App. 585, 34 S.W. 975, writ refused; 3 Tex.Jur., § 74, p. 139. See also Voigtlander v. Brotze, 59 Tex. 286; Newman v. City of El Paso, Tex.Civ.App., 77 S.W.2d 721. Appellee's motion partakes of the nature of an attempted levy of an execution on property asserted to have been included in a final judgment already rendered, wherein a party claiming an interest in such property, denies that such property was included in the judgment, and a trial is had on that issue. In such case an order of the court thereon is appealable. 18 Tex.Jur. § 65, p. 608. Such an issue does not constitute an attack on the original judgment.

In the original judgment the trial court found that these two pits had a total capacity of approximately 66,905 barrels; and that they then contained approximately 57,050 barrels of lawful oil. But he also found that all of the oil then contained in said pits was lawful oil, enjoined the Commission from interfering with the receiver's sale and transportation of it, and ordered the oil removed from said earthen pits and placed in steel storage tanks.

In his findings in the trial upon the show cause motion, the trial court again found that since the judgment of October 21, 1938, no additional oil had been placed in pits A and B; and that the oil here in controversy is the remaining portion and a part of the identical oil that was in said pits on October 21, 1938. He also found that the maximum capacity of the two pits, which had not meantime been increased nor decreased, was approximately 66,905 barrels; that the total maximum amount of oil ever placed in said two pits was approximately 64,127 barrels; that the receiver had removed therefrom 57,-050 barrels of oil; and that there still remained therein approximately 26,739 barrels of oil.

It is the contention of the State that these findings are irreconcilably in conflict. That under such findings, these two pits with a total capacity of 66,905 actually must have contained on October 21, 1938, 83,789 barrels of oil, or 19,662 more than the court found they would hold; and that it was impossible for there to remain in October, 1939, 26,739 barrels of

oil after 57,050 barrels had been removed. Had there been no other findings, this contention would undoubtedly be correct, unless the term "approximately" as used by the trial court in his findings can be construed to cover a leeway of the 26,739 barrels difference.

Not only in the original findings filed herein, however, but in the amended and corrected findings subsequently filed, the trial court also found in substance that it was impossible to calculate within a reasonable degree of accuracy either the capacity of such earthen pits or the amount of oil in them, "as such calculations are subject to error and are approximations of the engineer only."

These findings are attacked as being unsupported by the evidence in that with measurements made by the engineers the volume of fluid is merely a matter of calculation under fixed mathematical formulas. If all the measurements had been exact, and the physical contour lines of the sides and bottoms of the earthen pits in fact established, such fluid capacity or volume could of course have been accurately calculated. But this was not done. The calculations of the engineer were based, not upon an accurate survey of the bottoms of the pits, but upon soundings or measurements made at 10-foot intervals over the pit from the surface of the oil to where he found the bottom of the pit to be at these particular points. Such method, in an earthen pit with a varying and irregular bottom, must of necessity render possible errors dependent upon the variations encountered. One witness, who had emptied 20 or more of such earthen pits, after the fluid content thereof had been computed in this manner, testified that the quantity of oil so moved, as established by actual measurement after removal, varied 10% to 30% from that calculated by the engineer upon the methods used in the instant case. Under such circumstances, we think, the amended or corrected findings relating to the "approximate" quantities indicated were justified and supported by the evidence; and in effect reconcile the conflicts that otherwise appear.

We do not, in the light of the other findings made, consider these discrepancies, or the calculations based upon insufficient measurements of the pits, as of controlling importance. In the original judgment of October 21, 1938, the trial court found that all of the oil then contained in pits A and B was not unlawful oil; that it belonged to the receiver; and that he was entitled to sell and remove it under the supervision of the Railroad Commission. This judgment became final and no attack has been made upon it. In the hearing on the show cause motion, the same court, upon ample evidence to sustain such finding, found that no additional oil had been placed in these pits since October 21, 1938; and that the oil here in controversy was a part of that same oil. Though tenders had been issued between October 21, 1938, and October 3, 1939, to move from these pits 57,050 barrels of oil, the trial court expressly declined to find how many barrels of oil had actually been removed from pits A and B "as no testimony on this point was introduced, either by the movant or by the Railroad Commission at the hearing on this motion."

Under all the facts and circumstances, therefore, we conclude that there does not exist such irreconcilable conflict in the trial court's findings that a judgment cannot be based thereon. It is settled law that where there are two findings of fact by court or jury, one of which will support a judgment for one party, while the other finding will require a judgment for the opposing party, such irreconcilable conflict exists that no judgment can be based thereon. Such findings nullify each other. Texas Motor Coaches v. Palmer, 132 Tex. 77, 121 S.W.2d 323; Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W.2d 290; 41 Tex.Jur., § 361, p. 1226.

But it is equally well settled that findings as to ultimate facts will control those on merely evidentiary issues. 41 Tex.Jur. § 360, p. 1225. Here the court had found in its judgment of October 21, 1938, which judgment is not only not attacked but relied upon by the State, that all of the oil then in pits A and B was legal oil. This was a definite finding on a controlling issue, whether the quantities then found by approximation only were accurate or not. The physical property therein definitely located and described was adjudicated to be legal and to belong to appellee. The exact quantity was not of controlling importance. The State now contends that the 26,000 barrels here involved is unlawful oil, because under the court's fact findings other oil must have been added to pits A and B since October 21, 1938. This was the ultimate fact issue involved, which

882

the court expressly found against the State. The quantities in barrels on hand as between October, 1938, and in October, 1939, were but evidentiary of this ultimate fact. These quantities were calculated or arrived at through methods which the court itself, after making such findings, declares to be approximations only and not determinable within a reasonable degree of accuracy. Under these circumstances the court was clearly authorized to render judgment based upon an unequivocal finding on the controlling ultimate issue of fact, even though the equivocal findings on evidentiary issues may appear to conflict therewith. Ford Rent Co. v. Hughes, supra; 41 Tex.Jur. § 363, p. 1230. In the light of the court's amended or corrected findings, however, the apparent conflict in his findings is, we think, removed. The judgment of the trial court will therefore be affirmed.