### A. B. Pittman v. A. B. & Frances Byars.

Application No. 5421.   Decided April 24, 1907.

**Supreme Court—Jurisdiction.**

The Supreme Court has no jurisdiction, by writ of error, over the judgment of a district judge in chambers, upon habeas corpus, concerning the custody of a minor, on its affirmance by the Court of Civil Appeals.   (Pp. 518, 519.)

Motion for rehearing of application for writ of error to the Court of Civil Appeals for the Third District, on appeal from Bastrop County.

*C. W. Webb* and *James H. Hart,* for applicant, cited:  Rev. Stats., arts. 940, 996; Legate v. Legate, 87 Texas, 248; State v. Deaton, 93 Texas, 243.

GAINES, Chief Justice.—On a former day of this term we dismissed the application in this case for the want of jurisdiction.   A motion for a rehearing has been filed, from which it is apparent that counsel for the applicant have wholly misconceived the ground upon which we acted.

The case is this:  The applicant sued out a writ of habeas corpus before a district judge to have adjudged to him the custody of his minor child. The case was heard in chambers before the judge, who denied him the relief he sought.   The appeal was to the Court of Civil Appeals from that judgment.   The judgment having been affirmed by that court, the present application for a writ of error was made to this court.

Article 940 of the Revised Statutes prescribes that "the Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the Courts of Civil Appeals have appellate but not final jurisdiction."   The appellate jurisdiction of the Court of Civil Appeals is prescribed in article 996, which reads in part as follows:  "The appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases within the limits of their respective districts:

"1. Of which the District Courts have original or appellate jurisdiction.

"2. Of which the County Court has original jurisdiction," etc.

Though a judge of the District Court may decide certain matters in vacation, and render judgment therein, yet such judgment, whether interlocutory or final, is not the judgment of the court over which he pre-

sides, but is merely his judgment as a district judge sitting in vacation. In such case, unless a right of appeal be given by positive law, none exists. (Sec. 4, Ency. Pl. & Pr., 365.) Since our statutes give the right of appeal only from judgments of the District and County Courts, and since the judgment in this case was a judgment in neither court, we think that we acquired no jurisdiction to reverse the judgment.

The motion for a rehearing is overruled.