STATE ex rel. REAVES v. WILKINSON et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1911.)

1. APPEAL AND ERROR (§ 131*)—ORDERS APPEALABLE—STATUTES.

The Court of Civil Appeals has no jurisdiction to determine appeals from orders made in vacation unless specially authorized by statute; and, in the absence of a statute authorizing an appeal from the refusal of permission to file an information in quo warranto made in vacation, the court is without jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 895; Dec. Dig. § 131.*]

2. APPEAL AND ERROR (§ 131*)—ORDERS APPEALABLE—REFUSAL OF PRELIMINARY INJUNCTION.

Under Laws 1909 (1st Ex. Sess.) c. 34, relating to appeals, the Court of Civil Appeals may review on appeal a vacation order refusing a preliminary injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 895; Dec. Dig. § 131.*]

3. INJUNCTION (§ 137*)—REFUSAL TO GRANT.

Where the court properly refused on the merits an application to file an information in quo warranto to test the validity of the incorporation of a town, the court properly refused a preliminary injunction sought as ancillary to the quo warranto proceedings to restrain the collection of taxes pending the quo warranto suit.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 137.*]

Appeal from District Court, Franklin County; P. A. Turner, Judge.

Application by the State, on the relation of

R. W. Reaves, against H. L. Wilkinson and others, for leave to file an information in the nature of quo warranto. From an order refusing leave and denying a temporary writ of injunction, relator appeals. Dismissed in part, and affirmed in part.

R. T. Wilkinson, for appellant. Smelser & Vaughan, for appellees.

HODGES, J. This appeal is from an order made in chambers by Hon. P. A. Turner, judge of the Fifth judicial district, refusing to permit the appellant to file an information in the nature of quo warranto, and refusing an application for a preliminary injunction. The petition for the writ of quo warranto attacked the validity of the proceedings by which the town of Mt. Vernon, Tex., was incorporated under the general laws of this state. Four grounds were set out. The first assailed the form of the ballot used; the second charged that the territorial limits included agricultural and grazing lands not used strictly for town purposes; the third alleged that the limits were not marked on the ground, but were purely imaginary; the fourth claimed that the attempt to incorporate was made under the provisions of the law relating to the incorporation of cities and towns containing a population of more than 1,000, whereas the town of Mt. Vernon actually contained less than 1,000 inhabitants. The petition also asked for the issuance of a writ of injunction restraining the tax collector pending the trial of the case from collecting the taxes which had been levied and assessed by the city council of Mt. Vernon.

[1] This court has no jurisdiction to determine appeals from orders made by district judges in vacation, except in cases specially provided for by statute. Pittman v. Byars, 100 Tex. 518, 101 S. W. 789; Ex parte Fuller (Civ. App.) 123 S. W. 204. There is no provision made by statute for an appeal from the refusal of permission to file an information in the nature of quo warranto made in vacation, and we are without jurisdiction as to that portion of the order complained of.

[2] But, under the statute as amended by the Acts of 1909, this court may review on appeal a vacation order refusing to grant a preliminary injunction. Acts 1909, p. 354.

[3] From a reading of the petition, it appears that the preliminary writ of injunction was sought as ancillary to the quo warranto proceedings and for the purpose of restraining the collection of the city taxes pending the trial of that suit. The application was presented to the district judge, and considered after hearing evidence in support of and denying the truth of the facts alleged in the petition. This evidence, we think, was amply sufficient to justify the judge in refusing the writ upon the merits and without reference to the propriety of suspending by injunction the exercise of the governmental functions of the municipality under the circumstances. Permission to institute the quo warranto proceedings having been refused, there was nothing in issue left except that of granting the preliminary injunction. To have granted this under the existing circumstances would have operated to practically substitute the equitable action of injunction for the legal action of quo warranto in determining the validity of the incorporation proceedings. The impropriety of doing this can hardly be considered questionable. G. H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Rev. Civ. St. art. 4343 et seq.; 2 High on Inj. § 1261.

We decline to entertain the appeal from so much of the order as related to the refusal to permit the filing of the information in the nature of quo warranto for the reasons stated.

The order refusing the writ of injunction is affirmed.