FINNEY v. WALKER.

(Court of Civil Appeals of Texas. Dallas. Feb. 24, 1912.)

1. HABEAS CORPUS (§ 113*)—APPEAL—DECISIONS REVIEWABLE—CHANGE OF VENUE.

Under Acts 31st Leg. (1st Ex. Sess.) c. 32, adding article 1107a to Rev. St. 1895, providing that the judges of the district courts may in vacation, by consent of the parties, make all orders and perform all acts as fully as in term time, except to enter final judgment, provided that the judge may, by consent of the parties, try any cause without a jury and enter final judgment, except in divorce cases, and that all such proceedings shall be conducted under the same rules as if done in term time, and the right of appeal and writ of error shall apply as if the acts had been done in term time, an order changing the venue of habeas corpus proceedings on application of the respondent, opposed by the relator only on the ground that the residence of the relator drew to it the residence of his son, for whose custody the proceedings were prosecuted, and that the venue was properly laid, is appealable, though the entire proceedings took place in vacation.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 113.*]

2. HABEAS CORPUS (§ 48*) — PROCEEDINGS—VENUE.

Under Rev. St. 1895, art. 1194, giving persons who are inhabitants of the state a right to be sued in the county of their domicile, except in specified cases, respondent in habeas corpus proceedings for the custody of a child is entitled to be sued in the county of her residence, rather than in the county of the residence of relator, the father of the child.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 48.*]

3. HABEAS CORPUS (§ 1*)—NATURE OF PROCEEDING—"CIVIL ACTION."

Habeas corpus to determine a parent's right to the custody of his minor child is a "civil action," within the Constitution and statutes.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 2, pp. 1183–1193; vol. 8, p. 7603.]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Habeas corpus proceedings by R. H. Finney against Mrs. Lila Walker. From an order changing the venue, the petitioner appeals. Affirmed.

Thompson & Thompson, for appellant. Looney, Clark & Leddy, for appellee.

TALBOT, J. This is a proceeding instituted by the appellant, R. H. Finney, to recover, by means of the writ of habeas corpus, from the appellee, Mrs. Lila Walker, the custody and possession of his minor son, Harry Boyett Finney. The petition is as follows:

"State of Texas, County of Hunt. District Court, Sixty-Second District, Hunt County, Tex. To Hon. T. D. Montrose, Judge of said Court: The petition of R. H. Finney, who resides in Hunt county, Texas, would represent to your honor that Harry

Boyett Finney, his minor son, who is about eight (8) years of age, is illegally restrained of his liberty, and is confined and- held in custody by Mrs. Lila Walker, who resides in the town of Athens, Henderson county, Texas, and that said restraint is without color or sanction of any legal process. That the mother of said minor is dead, and your petitioner is the duly appointed and qualified guardian of the person and estate of the said minor, and that he, petitioner, is entitled under the law to his custody and control. That such illegal restraint is a violation of the rights of your petitioner, is contrary to his consent, and is detrimental to the best interest and welfare of said minor. The premises considered, petitioner prays your honor to grant and cause to be issued a writ of habeas corpus, commanding the said Mrs. Lila Walker to bring, or to cause to be brought, the said Harry Boyett Finney before your honor at such time and place as you may designate, in order that the cause of his restraint and confinement may be inquired into, and upon hearing of the same, petitioner prays that the said Harry Boyett Finney be discharged from such illegal restraint, and that he be delivered into the custody and control of your petitioner. Witness my hand this the 14th day of November, A. D. 1911. R. H. Finney.

"Sworn to and subscribed by R. H. Finney before me this the 14th day of November, A. D. 1911. F. N. Sheely, Notary Public Hunt County, Texas.

"Thompson & Thompson,
"Attorneys for Petitioner."

On the 15th day of November, 1911, by his fiat indorsed on appellant's petition, Judge T. D. Montrose directed the clerk of the district court of Hunt county, Tex., to issue the writ of habeas corpus, as prayed for by the appellant, returnable before him at the courthouse of said county, in Greenville, at 8:30 o'clock a. m. on the 25th day of November, 1911. The writ was issued, and on the date and at the place named therein the sheriff of Henderson county, Tex., appeared before the judge, having with him the boy, Harry Boyett Finney, in obedience to said writ. The appellee, Mrs. Walker, appeared by counsel, objected to the jurisdiction of the court, and asserted by proper allegations in a sworn plea her privilege to be sued in Henderson county, the county of her residence. This plea being heard and considered by Judge Montrose was sustained, and the venue of the cause ordered changed to the district court of Henderson county, Tex. To this order the appellant, Finney, excepted, and perfected an appeal to this court.

[1] The entire proceedings took place in vacation, and the first question that arises is, Did a right of appeal exist from the order of Judge Montrose changing the venue of the cause to Henderson county? Prior to the passage of the act by the Thirty-First Legislature, amending chapter 3 of title 28 of the Revised Civil Statutes by adding thereto article 1107a, empowering judges of the district court to act in vacation, etc., we should have answered this question in the negative. Such an answer then would have been in accord with the holding of the Supreme Court of this state in the case of Pittman v. Byars, 100 Tex. 518, 101 S. W. 789. In that case, as in the present, the applicant sued out a writ of habeas corpus before a district judge to have adjudged to him the custody of his minor child. The case was heard in chambers before the judge, who denied him the relief sought. From this judgment, an appeal was prosecuted to the Court of Civil Appeals, and the judgment by that court affirmed. A writ of error was then applied for and by the Supreme Court denied, on the ground that the order entered by the district judge, refusing the relief sought, was not the judgment of the district court, and that no appeal could be prosecuted therefrom. In the opinion of the Supreme Court denying the writ of error prayed for, the articles of the statute prescribing the jurisdiction of the Supreme Court and Courts of Civil Appeals are referred to, and the court then say: "Though a judge of the district court may decide certain matters in vacation and render judgment therein, yet such judgment, whether interlocutory or final, is not the judgment of the court over which he presides, but is merely his judgment as a district judge sitting in vacation. In such case, unless a right of appeal be given by positive law, none exists. See 4 Ency. Pl. & Pr. 365. Since our statutes give the right of appeal only from judgments of the district and county courts, and since the judgment in this case was a judgment in neither court, we think that we acquired no jurisdiction to reverse the judgment." The act of the Thirty-First Legislature, to which we have referred, provides as follows: "The judges of the district courts may, in vacation, by consent of the parties, make all orders, and perform all acts, as fully as in term time, except to enter final judgment in any suit; provided, that the judge may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases. All such proceedings shall be conducted under the same rules as if done in term time, and the right of appeal and writ of error shall apply as if the acts had been done in term time." There was no such statute as this when the decision of the Supreme Court referred to above was rendered; and it is clear that the provisions of that statute authorize an appeal from an order made by a judge of the district court of this state in vacation, whenever the question determined, as evidenced by such order, is submitted for adjudication by consent of the parties to the

litigation. The record in the instant case does not show express consent of the appellant and appellee for the judge to hear and determine, in vacation, the plea of privilege filed by appellee, asserting her right to be sued in the county of her residence, and she contends, in effect, that the power and jurisdiction of the judge to try cases at such time, by consent of the parties, is dependent upon an affirmative showing of the existence of this necessary jurisdictional fact. In this contention, we do not concur. The statute does not point out how the "consent of the parties" shall be made to appear, and we are of opinion that where the proceedings in a cause, tried in vacation, as evidenced by the record before the court, show that the same were conducted according to the rules governing in the trial of cases in term time, and when, in such proceedings, the parties invoke rulings of the judge that could only have been made in term time previous to the enactment of the statute under consideration, such consent is manifest, and the right of appeal applies as if the ruling complained of had been made in term time. The transcript and statement of facts sent to this court are sufficient to show or clearly indicate that both the relator and respondent observed, in preparing this cause for trial and in trying the same, all the requirements that are observed in trials in term time; that all the proceedings had were conducted under the same rules as if done at such time. The act done in this case was the making and entry of an order changing the venue to Henderson county. This order was invoked by the appellee in presenting and urging her plea of privilege to be sued in the county of her residence, and by such plea and the presentation thereof she gave unmistakable evidence of her consent to a ruling upon it at that time. The relator, Finney, did not question the right or authority of the judge to rule upon the plea of privilege in vacation, but simply opposed the removal of the case to Henderson county upon the ground that the residence of the relator, Finney, which was in Hunt county, drew to it the residence of his son Harry; therefore, under the decisions of this state, the venue of the case was properly laid in Hunt county. By this action, the relator manifested his consent for the court to act upon respondent's plea of privilege in vacation. He is not urging any want of authority in the judge to make the order appealed from in vacation; and, respondent having invited the judge's action, and the entire proceedings clearly indicating that both the relator and respondent consented to a hearing of respondent's plea of privilege to be sued in Henderson county before the judge in vacation, we are of opinion she should not now be heard to say the order thereon was made without the consent of the parties. Besides, the record failing to show the contrary, we are of opinion the presumption should obtain that Judge Montrose was empowered, by the consent of appellant and appellee, in accordance with the terms of the statute, to hear and determine in vacation appellee's plea of privilege, rather than that he acted in doing so without such consent, and therefore without lawful authority.

[2] This brings us to the question: Did the court err in sustaining respondent's plea of privilege to be sued in Henderson county, the county of her residence, and in transferring the case to that county for trial? The plea of privilege, in substance and form, complied with the statute, and it is not denied that Mrs. Walker, the appellee, during the time or dates involved by the issues of this plea, was a resident citizen of Henderson county. Indeed, this fully appears from the allegations of appellant's petition for the writ of habeas corpus issued herein. But it is contended (1) that the domicile of the father of a minor child is the domicile of such child, and as the appellant in this case resided in Hunt county, Tex., the venue of this suit lies in that county; (2) that a proceeding by habeas corpus for the custody of a child cannot, in the proper sense of the term, be regarded as a civil suit, and subject to the rules and regulations governing civil suits generally, but is the exercise of a special jurisdiction conferred by the Constitution and laws upon either the court or judges for the prompt relief of the citizen against any improper interference with his personal liberty. Neither of these contentions should, in our opinion, be sustained in this suit.

[3] That a proceeding by habeas corpus to determine a parent's right to the custody of his minor child is a civil action, within the meaning of our Constitution and statutes, is well settled. Legate v. Legate, 87 Tex. 250, 28 S. W. 281; Rice v. Rice, 59 S. W. 441; Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Ex parte Reed, 34 Tex. Cr. R. 9, 28 S. W. 689; Ex parte Berry, 34 Tex. Cr. R. 36, 28 S. W. 806. In the case of Rice v. Rice, above cited, in speaking of the nature of a proceeding by habeas corpus instituted by the father to recover possession and custody of his infant son, this court said: "It is a civil action in which the only matter to be ascertained is, Who is entitled to the custody of the infant?" So in the present case this is a civil action, brought by the appellant against the appellee, for the possession and custody of the minor, Harry Boyett Finney, in which the only matter to be ascertained and determined is, Who is entitled to his custody? The question of venue as it arises in this case was not involved in any of the cases cited by appellant in support of his contentions, and do not control the decision of the question. This being a civil action, within the meaning of the Constitution and statutes of this state, the reasons

urged by appellant for denying to appellee the right to avail herself of the privilege, vouchsafed by article 1194 of the Revised Statutes to persons generally who are inhabitants of this state, to be sued in the county of her domicile, except in certain named cases, are not, in our opinion, sound. We therefore hold that the article of the statute fixing the venue of suits to which we have referred apply to cases of this character, and that, as appellant failed to bring himself within any of the exceptions to the rules prescribed by that statute, his assignments of error should be overruled.

The judgment of the court below is therefore affirmed.