BARKER et al. v. WILSON. (No. 5818.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1916.)

1. APPEAL AND ERROR ☞131—APPEALABLE ORDER.

Except in cases made exceptions by statute, an order made in vacation by a district judge is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 895; Dec. Dig. ☞131.]

2. APPEAL AND ERROR ☞376—APPEAL BOND —ORDER GRANTING OR REFUSING INJUNCTION.

Where an election contest petition prayed injunction against the county judge and other members of the commissioners' court of the county, and from dismissal of such petition appeal was sought upon an appeal bond payable to the contestee alone, against whom no injunction was sought, the appellate court was not given jurisdiction over the appeal by the statute

authorizing an appeal from an interlocutory order refusing an injunction, since the parties against whom the injunction was sought were not named as payees in the appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2011–2016; Dec. Dig. ☞ 376.]

3. ELECTIONS ☞275 — CONTESTS — JURISDICTION OF JUDGE IN VACATION.

The constitutional provision conferring jurisdiction over contested elections upon the district court is exclusive, and a district judge has no jurisdiction to determine an election contest in vacation.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 250–256; Dec. Dig. ☞275.]

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Election contest by L. W. Barker and others against A. B. Wilson. From an order of a judge, contestants appeal. Appeal dismissed.

Walker & Burleson, of San Saba, for appellants.

KEY, C. J. In May of the current year an election was held in school district No. 22 of San Saba county, to determine whether or not there should be issued bonds in the sum of $10,000, for the purpose of building a schoolhouse in that district. The election resulted in favor of the proposition, and L. W. Barker and others filed a petition in the district court of San Saba county for the purpose of contesting that election. As required by statute, A. B. Wilson, the county attorney, was made contestee; and, without formally making them parties, the contestants prayed for an injunction against the county judge and the other members of the commissioners' court of San Saba county, to prevent them from declaring the result of the election. Wilson, the contestee, filed an answer which included certain exceptions to the petition.

The record shows that the Hon. N. T. Stubbs, judge of the Thirty-Third judicial district, which includes San Saba county, tried the case in vacation on the 29th day of July 1916; that he sustained one of the exceptions; held that the district court of San Saba county had no jurisdiction, because of the fact that proper notice of the contest had not been served upon the contestee within 30 days after the election was held, and for that reason refused to grant the injunction; and dismissed the case.

The contestants have brought the case to this court upon an appeal bond payable to A. B. Wilson, the contestee, alone. We have reached the conclusion that this court is without jurisdiction, and the appeal has been dismissed for the following reasons:

[1] 1. The appeal is not from a judgment rendered by any court, but from an order made in vacation by a district judge. With certain exceptions, specified by statute, there can be no appeal except from a final judgment rendered by a court. The record shows

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

that the order from which this appeal is prosecuted was made by a judge in vacation, and not by any court; and therefore, unless it comes within one of the exceptions, contestants have no right of appeal, even though the order may be absolutely void.

[2] 2. While the statute authorizes an appeal from an interlocutory order appointing a receiver, or granting or refusing an injunction, and while the order appealed from refused to grant an injunction, the parties against whom the injunction was sought are not named as payees in the appeal bond, and therefore this court is without jurisdiction as to that feature of the case.

[3] In conclusion we deem it proper to say that if the suit be treated only as a contest of an election, then the trial judge had no authority to try it, or pass upon any question in it during vacation. The Constitution of this state having conferred jurisdiction over contested elections upon the district court, our Supreme Court has held that the constitutional provision referred to is exclusive, and that the Legislature has no power to confer jurisdiction upon a district judge to determine an election contest in vacation. Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699. Hence it follows that while Judge Stubbs may have had jurisdiction to grant or refuse a temporary injunction in vacation, he was without authority to pass upon any other question; and, when due service has been had upon the county judge and the commissioners' court, appellants will have the right to have the case tried by the district court of San Saba county.

Appeal dismissed.