## TALKINGTON v. TALKINGTON.
### (No. 9201.)

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1924.)

**1. Appeal and error ⬥131—No right of appeal from order of judge in vacation.**

Where judgment was entered in vacation granting motion amicus curiæ which was filed before adjournment, to set aside order vacating decree for divorce, appeal therefrom will not lie.

**2. Appeal and error ⬥131—Rule denying right of appeal from vacation orders not changed by enactment of new practice act.**

Rule denying right of appeal from vacation orders, in force at time of enactment of new practice act of Thirty-Eighth Legislature, is not changed by provision in act that motion need not be heard during term in which it was filed.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit for divorce by Mrs. M. A. Talkington against J. W. Talkington, in which, after death of defendant, plaintiff had decree of divorce set aside. From judgment granting motion amicus curiæ of the Dallas Railway Company and reinstating decree of divorce, plaintiff appeals. Appeal dismissed for want of jurisdiction.

John White and M. M. Parks, both of Dallas, for appellant.

Beall, Wortham, Rollins, Burford & Ryburn, of Dallas, amicus curiæ.

JONES, C. J. This appeal is perfected on the granting by the trial court of a motion amicus curiæ of the Dallas Railway Company, filed in the above-styled cause, suggesting that an error had been committed in said cause by said court in setting aside the judgment entered in a trial of the case upon its merits.

The facts as shown by the record are as follows:

On August 17, 1923, the suit for divorce of Mrs. M. A. Talkington against her husband, J. W. Talkington, filed in the district court of the Fourteenth judicial district, was tried before Hon. Towne Young, judge of the special district court of Dallas county but sitting for Hon. Kenneth Foree in said Fourteenth judicial district. At the conclusion of the trial the court announced the granting of the divorce and made a docket entry to that effect. The record shows service of citation on the defendant J. W Talkington and jurisdiction of the court over the parties and power to render the judgment granting the divorce.

On the 15th of September, 1923, Mrs. M. A. Talkington, plaintiff in the divorce suit and appellant in this cause, in open court orally suggested to Judge Young, who was still sitting for Judge Foree in the Fourteenth judicial district, that since the trial of the divorce suit J. W. Talkington had died, and requested that the judgment granting the divorce be set aside. Whereupon the court entered an order reciting that the verbal application to set aside the divorce judgment had been made and considered by the court "and, it appearing to the court that the defendant died since the rendition of this decree of divorce, is of the opinion that said application should be in all things granted," and followed this with a decree setting aside the judgment for divorce rendered on the 17th day of August, 1923. An order of dismissal of the divorce proceedings was entered the same day.

At the time of the death of J. W. Talkington, he had instituted, and there was still pending, a suit against the Dallas Railway Company for damages for personal injuries. After securing the setting aside of the divorce decree, appellee made herself a party plaintiff in said pending suit by filing an amended petition therein, suggesting the death of the plaintiff and alleging that she was his wife, and, as such, entitled to become a party plaintiff in said suit and prosecute same to judgment.

The Dallas Railway Company, appellee on this appeal, filed its said amicus curiæ motion in the divorce suit, setting up the fact of the pending suit at the time of the death of J. W. Talkington, and the further fact that appellant, after securing the setting aside of the decree for divorce and the dismissal of such cause from the docket of the district court in which it was pending, had made herself a party plaintiff in said suit for damages and had alleged the same cause of action that was alleged by the deceased Talkington in his original petition and was claiming the right to do so as the surviving wife of the said Talkington, and suggested to the court that error had been committed by the action of the court in setting aside the judgment, in that at the time the judgment for divorce was rendered the court had acquired jurisdiction of the parties, that no property rights were involved, that said order was granted after the death of J. W. Talkington, and the application to set same aside did not allege that any property rights were involved, or that the court was without jurisdiction to render said judgment, or that the decree was obtained by fraud, or that any fraud was practiced upon the court, for which reasons the order setting aside the judgment of divorce was void. The order was also alleged to be void, in that, the said J. W. Talkington being dead at the time the application was made and granted, no service or notice was had upon any of his legal representatives, heirs, executors, or administrators, or any one else.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This motion amicus curiæ was heard by the court on the 6th day of October, 1923, and a judgment entered setting aside the order, which had set aside the decree for divorce and reinstated the judgment of the 17th of August, 1923, decreeing a divorce between the said parties.

The July term of court, 1923, of the Fourteenth judicial district of Texas, the term at which the suit for divorce was tried and the order granted setting aside the judgment entered in said suit, adjourned on October 6, 1923, as is disclosed by the following order:

"Now, all business for the July term of the Fourteenth judicial district of Texas now being finished, and the foregoing minutes approved, it is therefore ordered that the court stand adjourned until the next regular term thereof." Signed by Kenneth Foree, as judge of said court, and properly attested.

The order entered on the minutes of the district court sustaining the motion amicus curiæ of appellant was also entered in the minutes on the 6th day of October, 1923. The affidavit of J. C. Durrett, the deputy clerk of the district court, discloses that the order closing the term of the district court on October 6, 1923, was made at about 11:30 a. m. of said day, that the term of court adjourned at that hour, and that the district judge presiding over said court and the clerk left the court room at said time; that when the motion amicus curiæ was filed, Judge Foree was presiding over said court but referred the hearing to Hon. Towne Young, who had entered the former judgment and order and was therefore cognizant of the entire matter, and set same down for hearing before Judge Young at 10 o'clock a. m. of said 6th day of October; that at said hour counsel for the Dallas Railway Company could not make appearance, for the reason of being engaged in another court in the city of Dallas and that said cause was set down for 2 o'clock p. m. of said day; and that at about 6 p. m. of said day he was called to the district court room of the Fourteenth judicial district and given a copy of the decree granted by Hon. Towne Young at the instance of the Dallas Railway Company as amicus curiæ, and directed to enter it on the minutes of the district court for the Fourteenth judicial district.

[1] It is made certain by this affidavit that this motion was not heard during the July term of the Fourteenth judicial district, nor was it heard at the succeeding term of said district court which convened on the 8th of October, 1923, but that the hearing on and granting of the last order in the divorce suit was had in vacation. The amicus curiæ motion being heard in vacation and the order granting the relief prayed for in said motion being a vacation order, it is not the order of any court, but merely the order of a

district judge. It is the settled law of this state that an appeal will not lie from such judgment or order unless an appeal be specially authorized by statute. It is not the judgment of a court, but is merely the judgment of a judge in vacation. It is from a judgment entered by a court, as distinguished from a judgment or order of merely a judge of a court, that an appeal is authorized by statute to this court in the matter under review.

The Supreme Court of this state, in the case of Pittman v. Byars, 100 Tex. 518, 101 S. W. 789, clearly states the rule as follows:

"Though a judge of the district court may decide certain matters in vacation, and render judgment therein; yet such judgment, whether interlocutory or final, is not the judgment of the court over which he presides, but is merely his judgment as a district judge sitting in vacation. In such case, unless a right of appeal be given by positive law, none exists."

This same rule is announced in numerous cases. Ex parte Reeves, 100 Tex. 617, 103 S. W. 481; State v. Wilkinson (Tex. Civ. App.) 140 S. W. 826; Dunnagan v. Wingfield (Tex. Civ. App.) 141 S. W. 288; Insurance Co. v. Valley Reservoir & Canal Co (Tex. Civ. App.) 209 S. W. 438; Barker v. Wilson (Tex. Civ. App.) 189 S. W. 748; Surety Co. v Castle Construction Co. (Tex. Civ. App.) 170 S. W. 800; Rosamond v. Murff (Tex. Civ. App.) 185 S. W. 1067.

[2] Appellees do not question the fact, as shown by the Durrett affidavit, that the order was made after the adjournment of the July term, but urge that, under the new practice act of the Thirty-Eighth Legislature,[1] which is applicable to district courts of Dallas county, this motion amicus curiæ was not required to be heard during the same term of court it was filed, and did not die when said term of court adjourned, but came over as a motion to be acted upon by the succeeding term. This contention is correct, but the act of the Legislature involved does not apply to the facts of this case. This motion was not acted upon by the succeeding term of court, but was acted upon during the vacation period between terms of court. Hence the rule in reference to appeals from vacation orders in force at the time and previous to this enactment of the Thirty-Eighth Legislature is in no way changed by such enactment.

As this court is without jurisdiction to determine any of the questions raised on this appeal, same are not considered, and such questions are in no way prejudiced by the dismissal of this appeal.

For the foregoing reasons, the court is of the opinion that this appeal should be dismissed for want of jurisdiction.

Appeal dismissed.

[1] Acts 38th Leg. (1923) c. 105.