## BEAN v. PEURIFOY.
### No. 11158.

Court of Civil Appeals of Texas. Dallas.
June 6, 1934.

Rehearing Withdrawn July 23, 1934.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

Hardy & Peurifoy, of Dallas, for appellee.

BOND, Justice.

Appellee filed a motion to dismiss this appeal and to set aside the former order of this court, in which we stayed the proceedings of the judge of the 101st district court of Dallas county, ordering the sale of certain personal property, through a receiver.

It is a well-settled rule of law in this state that the Courts of Civil Appeals have no jurisdiction to entertain appeals from interlocutory orders of a judge, made in a case pending, unless it is expressly conferred by statute. The rule is clearly stated in the case of Pittman v. Byars, 100 Tex. 518, 101 S. W. 789, as follows: "Though a judge of the district court may decide certain matters in vacation and render judgment therein, yet such judgment, whether interlocutory or final, is not the judgment of the court over which he presides, but is merely his judgment as a district judge sitting in vacation. In such case, unless a right of appeal be given by positive law, none exists."

Furthermore, in the case of Gilmore et al. v. Ladell et al., 34 S.W.(2d) 919, this court, speaking through Justice Looney, with full citation of authorities, held that the attempt to perfect appeal, before entry of the judgment, was premature and ineffectual, and quoting, with approval, the conclusion of Judge Talbot in the case of Cooper v. Carter (Tex. Civ. App.) 233 S. W. 1020, 1021, in which he states that, "since the judgment attempted to be appealed from in this case was not entered until after the appeal bond relied on to perfect the appeal had been filed, the judgment was not 'legally effective for review by appeal.'" See, also, Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801; Shields v. Amicable Life Ins. Co. (Tex. Civ. App.) 287 S. W. 293; Burnette v. Miracle (Tex. Civ. App.) 295 S. W. 214.

In the case at bar, on the 26th day of April, 1934, the judge of said court, without notice to the appellant, appointed a receiver to take charge of the property involved, and thereafter directed him to sell the property, on account of it being of such deteriorative nature as to affect its value, pending the suit in which appellee was seeking to foreclose a subsisting chattel mortgage lien thereon. These orders were duly entered of record.

On the 9th day of May, 1934, appellant filed, in said cause, a verified motion to vacate the order appointing the receiver, and, on a hearing, the judge of said court overruled the motion, whereupon appellant, within the time provided by statute, filed appeal bond relied on to perfect the appeal. The order refusing to vacate the receivership, which might have been appealed from (article 2250, subd. 2, R. S.), has never yet been entered on the minutes of said court.

The interlocutory order directing the sale of the property by the receiver being not appealable by any provisional statute, and the appealable order of the judge refusing to vacate the receivership not being entered in the court's minutes before the appeal bond had been filed, we conclude, on further reflection, that this court was without jurisdiction, either actual or potential, to enter the stay order. Therefore appellant's motion to set it aside should be granted, and it is so ordered, thus leaving the cause pending within the jurisdiction of the court below.

Motion sustained.