**AFFIRMED and Opinion Filed August 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00730-CV

**SANDRA L. SIMS, Appellant**
**V.**
**TINA THOMAS, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-16409**

# OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

This is a restricted appeal from an order authorizing a receiver to sell real property although the trial court did not conduct a hearing on the receiver's sale motion. We conclude that it is apparent on the face of the record that the trial court erred by rendering the order without a hearing. Accordingly, we reverse the order and remand the case for further proceedings.

## I. BACKGROUND AND PROCEDURAL POSTURE

We draw these facts from the clerk's record and the trial evidence.

Three sisters, all adults, inherited a house in south Dallas from their mother in 2010. The sisters are appellee Tina Thomas, appellant Sandra Sims, and Simone Johnson. Trial evidence indicated that Sims lived in the house, at least intermittently, after their mother died.

Dallas County sued all three sisters for delinquent property taxes.

Thomas filed this suit against Johnson and Sims, seeking an order to sell the property and partition the proceeds among the sisters.

Sims answered Thomas's suit and filed a counterclaim for reimbursement of property taxes and money she had spent maintaining and improving the property.

The case was tried to the bench in July 2017. Thomas was represented by counsel, while Sims and Johnson appeared pro se.

Thomas testified that when she last checked, about $5,000 in property taxes were still owed. Sims and Johnson were the only other witnesses at trial. Sims opposed sale and partition of the property. Johnson supported the sale and partition.

On August 24, 2017, the trial judge signed the final judgment. The judgment granted each sister a one-third interest in the property and granted Sims $2,500 in reimbursement for improvements to the property. It also gave Sims thirty days to attempt to negotiate a buy-out with her sisters, failing which the property would be sold by a receiver, Rosalita Lucas. The judgment required Lucas to file an oath and post a $500 bond, and it recited that "the Receivership shall not commence until the Oath is filed and the bond posted." The judgment further provided that, after any sale of the property, the net proceeds would be "returned to the court to be partitioned in proportion to the parties' respective interests."

The clerk's record reflects that Lucas posted the $500 bond, but it does not show that she ever filed the required oath.

More than thirty days after the judgment was signed, Lucas filed a report reciting that Sims had failed to negotiate a buy-out with her sisters.

The clerk's record contains an unfilemarked copy of a letter and proposed order from Lucas dated January 18, 2018. The letter is unclear, but it seems to ask the court to require the parties to

sign all documents necessary to close a sale of the property. The proposed order refers to a "Motion for final approval to close this case," apparently referring to the letter.

On January 22, 2018, an associate judge signed an order authorizing Lucas to accept a cash bid on the property from Thomas and directing Lucas to proceed with the sale.

On April 26, 2018, an attorney filed a notice of appearance for Sims.

On June 21, 2018, Sims filed a notice of restricted appeal stating that she desired to appeal both the August 2017 final judgment and the January 2018 order authorizing sale. The notice of appeal was missing the second page. The next day she filed an amended notice of restricted appeal that included the missing page.

In September 2018, after inviting and receiving jurisdictional letter briefs, we dismissed the appeal in part, concluding it was untimely to the extent it attacked the August 2017 judgment.

Sims filed an appellant's brief. Thomas and Johnson, pro se, each filed a letter essentially asking us to affirm the sale order.

Meanwhile, Dallas County and other local taxing authorities prevailed in their tax lawsuit against the sisters, Sims took a restricted appeal from that judgment, and we affirmed. *Sims v. Dallas Cty.*, No. 05-18-00712-CV, 2019 WL 2004054 (Tex. App.—Dallas May 7, 2019, pet. filed) (mem. op.).

We then sent the parties a letter asking them to submit letter briefs addressing whether the January 2018 order authorizing sale was a final, appealable order. Sims submitted a letter brief arguing that appellate jurisdiction is proper.

## II. APPELLATE JURISDICTION

As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment rendered after a conventional trial on

the merits is presumed final. *Id.* at 199. Here, a final judgment was rendered and signed on August 24, 2017.

In a receivership, however, there can be more than one final, appealable order. "[An] order that resolves a discrete issue in connection with any receivership has the same force and effect as any other final adjudication of a court, and thus, is appealable." *Huston v. Fed. Deposit Ins. Corp.*, 800 S.W.2d 845, 847 (Tex. 1990). The *Huston* court compared receiverships to probate proceedings, in which "[an] order is appealable if it finally adjudicates a substantial right, whereas if it merely leads to further hearings on the issue, it is interlocutory." *Id.* at 848. To come within this exception to the final-judgment rule, the order appealed from must finally dispose of all issues in a discrete part or phase of the receivership. *Art Inst. of Chicago v. Integral Hedging, L.P.*, 129 S.W.3d 564, 572 (Tex. App.—Dallas 2003, no pet.).

Eighty-five years ago, we held that an interlocutory order directing a receiver to sell specific personal property is not appealable. *Bean v. Peurifoy*, 74 S.W.2d 126, 126 (Tex. App.—Dallas 1934, no writ). More recently, we held that an order authorizing a receiver to sell unspecified assets in order to pay specified fees was "not sufficient to make the order a final determination subject to appeal." *Art Inst. of Chicago*, 129 S.W.3d at 571 n.9.

But the Houston Fourteenth Court of Appeals has held that an order approving a receiver's sale of a specific asset is an appealable final order under *Huston*. *Lee v. Lee*, 528 S.W.3d 201, 208 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). *But see Rogers v. Rogers*, No. 01-16-00791-CV, 2017 WL 117322, at *1 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017, no pet.) (per curiam) (mem. op.) (holding that order authorizing receiver to sell property was not appealable, but not mentioning *Huston*). Another appellate court has held that a probate order for the public sale of specific real estate is an appealable order. *Vineyard v. Irvin*, 855 S.W.2d 208, 209–11 (Tex. App.—Corpus Christi–Edinburg 1993, orig. proceeding).

We conclude that the trial court's order authorizing the sale of property resolves a discrete issue and disposes of all issues for this particular phase of the receivership, namely, whether the house should be sold on the terms obtained by the receiver. Once the house is sold, the receiver's expenses and commission will be paid, and then the court will partition the net proceeds among the sisters. But we view those matters as separate from the discrete issue of whether the house should be sold as the receiver requested. Accordingly, the order is appealable under *Huston*.

To the extent our 1934 *Bean v. Peurifoy* decision is to the contrary, we conclude that *Huston* effectively disapproved it. We need not address whether *Art Institute of Chicago* is correctly decided because that case did not involve an order authorizing a receiver to sell a specific piece of property.

### III. ANALYSIS

#### A. Issues Presented

Sims presents three issues attacking the order authorizing sale: (i) the receiver did not file an oath, (ii) no hearing was held on the receiver's motion for authorization and no notice was given of the motion or any hearing, and (iii) the motion and order did not state the terms of the sale.

#### B. Restricted Appeal Elements

To prevail on a restricted appeal, the appellant must establish that (i) she filed the appeal within six months after judgment was signed, (ii) she was a party to the lawsuit, (iii) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (iv) error is apparent on the face of the record. *Sims*, 2019 WL 2004054, at *1; *see also* TEX. R. APP. P. 30 ("Restricted Appeal to Court of Appeals in Civil Cases").

There is no question that Sims meets the first two elements of a restricted appeal: she timely filed her notice of restricted appeal, and she was a party to the lawsuit.

**C.      Does Sims satisfy the third element of a restricted appeal?**

Yes.  She did not timely file any postjudgment motions or requests for findings of fact and conclusions of law.  *See* TEX. R. APP. P. 30.  Therefore, the question is whether she participated in the "decision-making event" that resulted in the judgment being appealed from.  *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996).  The record shows she did not, so she satisfies the third element of a restricted appeal.

Although Sims participated at the bench trial, the resulting judgment is not the order that she attacks in this restricted appeal.  Rather, she attacks the subsequent order authorizing sale.

The record shows that the order authorizing sale was signed without a hearing.

First, the order does not recite that any hearing was held; instead, it recites, "Came on for consideration Receiver's Request to Sell House to Highest Bidder.  The Court is of the opinion that the request is well-taken and should be authorized."  The clerk's record does not contain a "Receiver's Request to Sell House to Highest Bidder," but it does contain the receiver's January 18, 2018 submission in which she (i) advised the trial court that she had an offer she wanted to "move forward" on and (ii) asked the trial court to "have Sandra Lynn Sims sign all documents to close on this file."

Second, the docket sheet, which notes other hearings in the case, shows no hearings between the receiver's January 18 submission and the January 22 order authorizing sale.

Third, Sims asserts in her appellate brief that no hearing was held on the receiver's request submission.  No one contradicts this assertion, so we take it as true.  *See* TEX. R. APP. P. 38.1(g).

Because Sims did not respond to the receiver's application to sell the property and there was no hearing on that application, we conclude that Sims did not participate in the proceeding that led to the signing of the order authorizing sale.  *See Ex parte Egan*, No. 13-16-00618-CV, 2018 WL 3151489, at *2 (Tex. App.—Corpus Christi–Edinburg June 28, 2018, no pet.) (mem.

op.) (DPS entitled to restricted appeal when there was "no record of any hearing or proceedings in which [it] could have participate[d].") (internal quotations and citation omitted). The third restricted appeal element is satisfied.

**D.      Has Sims shown error on the face of the record?**

Yes. As discussed above, the docket sheet and the order authorizing sale show that the trial court did not hold a hearing on the receiver's application to sell the property before it rendered the order authorizing the sale. This was error.

By statute, the general rule is that "the rules of equity govern all matters relating to the appointment, powers, duties, and liabilities of a receiver and to the powers of a court regarding a receiver." TEX. CIV. PRAC. & REM. CODE § 64.004.

The Houston Fourteenth Court of Appeals, construing § 64.004's predecessor statute, has held that when a receiver seeks to sell property, the rules of equity require (i) an application for sale pertaining to a specific buyer, (ii) notice to all interested parties, and (iii) "a hearing conducted on the sale." *Harrington v. Schuble*, 608 S.W.2d 253, 256 (Tex. App.—Houston [14th Dist.] 1980, no writ). The court held that the trial court erred by granting a receiver's application to sell real property without notice or a hearing, and it vacated the sale. *Id*. at 255–57. We are persuaded by *Harrington*.

Here, the record shows that there was no hearing on the receiver's application to sell the property. This was error. Accordingly, Sims has shown error apparent on the face of the record, and she is entitled to relief by this restricted appeal.

## IV.  DISPOSITION

We sustain Sims's second issue and need not address her first and third issues.[1]

---

[1] We note, however, that Sims appears to be correct when she argues under her first issue that the receiver never filed an oath as the trial court's judgment requires.

–7–

We reverse the trial court's Order Authorizing Sale and remand the case for further proceedings consistent with this opinion.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


180730F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANDRA L. SIMS, Appellant

No. 05-18-00730-CV          V.

TINA THOMAS, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-16409.
Opinion delivered by Justice Whitehill. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's January 22, 2018 Order Authorizing Sale is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.  The obligations of Kristina L. Page, Esq. and Kathryn S. Page as sureties on appellant's supersedeas bond are **DISCHARGED**.

It is **ORDERED** that appellant Sandra L. Sims recover her costs of this appeal from appellee Tina Thomas.

Judgment entered August 20, 2019.